**[J-2-2026]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**


| | | |
|---|---|---|
| SANDRA KHALIL, | : | No. 16 EAP 2025 |
| | : | |
| Appellant | : | Appeal from the Order of Superior |
| | : | Court entered on September 9, |
| | : | 2024, at No. 2002 EDA 2023, |
| v. | : | Quashing the Order of the Court |
| | : | of Common Pleas of Philadelphia |
| | : | County, Civil Division, entered on |
| MARY JANE HOME ENRICHMENT CENTER | : | June 2, 2023, at No. 180101881 |
| INC., MARY JANE CANDIDOS LOUNGE, | : | |
| EDNA WILLIAMS, JOE WILLIAMS AND | : | ARGUED: March 10, 2026 |
| JOHN WILLIAMS, | : | |
| | : | |
| Appellees | : | |


**<u>OPINION</u>**


**JUSTICE DONOHUE**                                                     **DECIDED: August 5, 2026**

In this case we address when a notice of appeal must be filed if a party wishes to appeal from a collateral order.[1] Appellant Sandra Khalil ("Khalil") sought to appeal from an order granting her counsel's motion to withdraw as counsel, which was entered on April 18, 2023. However, prior to filing her notice of appeal, Khalil first filed a motion for reconsideration on May 17, 2023, which the trial court denied on June 2, 2023. On June 9, 2023, fifty-two days after the trial court granted the motion to withdraw, Khalil filed a notice of appeal, challenging the trial court's order granting counsel's motion to withdraw

---

[1] "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

and claiming that it was appealable as a collateral order. The Superior Court quashed the appeal after concluding it was untimely. We agree. When a party wishes to appeal from a collateral order, the party must file a notice of appeal within thirty days from the entry of the collateral order or await the entry of a final order to appeal the issue should it survive final judgment. Accordingly, we affirm the judgment of the Superior Court.

## I. Background

In July 2015, Khalil entered into a verbal lease agreement with Appellees, Mary Jane Home Enrichment Center, Inc., Mary Jane Candido's Lounge, Inc., Edna Williams, Joseph Williams, and John Williams (collectively "Landlords") to rent a room in property they owned in Philadelphia. Amended Complaint, 12/28/2018, ¶ 7. Khalil alleged that upon moving in, she discovered numerous problems with the property making it unsafe for her to reside there. *Id.* ¶ 15. After reporting the unsafe living conditions to the Philadelphia Housing Commission, Khalil averred that Landlord John Williams attacked her in her room, causing her physical injury. *Id.* ¶ 30. The next day, Khalil claimed that Landlords made false statements to mental health workers which caused her to be involuntarily committed. *Id.* ¶ 33. After her discharge from the hospital, Khalil returned to the property where she alleged that Landlords removed her possessions and left them on the street, forcing her to find new housing. *Id.* ¶¶ 49-53.

On January 11, 2018, Khalil filed a pro se civil complaint against Landlords in the Court of Common Pleas of Philadelphia County. Landlords brought various counterclaims against Khalil. On July 31, 2018, several attorneys of Dilworth Paxson LLP (collectively "Dilworth Attorneys"), entered their appearances, pro bono, on behalf of Khalil. The case was later transferred to arbitration. On May 31, 2019, an arbitration panel issued an award in favor of Landlords with respect to Khalil's claims, and in favor of Khalil with respect to Landlords' counterclaims.

On June 7, 2019, Dilworth Attorneys informed Khalil, via letter, of the arbitration award and of her right to appeal. Dilworth Attorneys' Letter, 6/7/2019, at 2. The letter also made clear that Dilworth Attorneys would no longer be representing Khalil. *Id.* at 1. On June 11, 2019, Khalil filed a pro se notice of appeal in the Court of Common Pleas of Philadelphia County and on August 14, 2019, Dilworth Attorneys filed a praecipe to withdraw as Khalil's counsel. Khalil did not initially challenge Dilworth Attorneys' withdrawal as being improper. On July 5, 2022, Khalil filed a motion for extraordinary relief, asking the trial court to reinstate Dilworth Attorneys as her counsel of record. Motion for Extraordinary Relief, 7/5/2022, at 2. She argued that Dilworth Attorneys improperly withdrew as counsel because they failed to obtain leave of court before filing the praecipe to withdraw in August 2019, as is required by Rule of Civil Procedure 1012(b).[2] *Id.* After the trial court denied Khalil's motion as being procedurally improper, Khalil again filed a motion to reinstate Dilworth Attorneys or, in the alternative, to appoint new counsel. Motion to Reinstate Counsel, 11/7/2022, at 1. On January 30, 2023, the trial court granted Khalil's renewed motion and ordered that Dilworth Attorneys' praecipe be stricken for failure to obtain leave of court prior to withdrawing as counsel. Trial Court Order, 1/30/2023.

---

[2] Rule of Civil Procedure 1012(b) states:

> (b)(1) Except as provided in paragraph (2), an attorney may not withdraw his or her appearance without leave of court.
>
> (2) An attorney may withdraw his or her appearance without leave of court if another attorney (i) has previously entered or (ii) is simultaneously entering an appearance on behalf of the party, and the change of attorneys does not delay any stage of the litigation.

Pa.R.C.P. 1012(b).

On February 8, 2023, Dilworth Attorneys filed a motion for leave to withdraw as Khalil's counsel, which the trial court granted on April 18, 2023. Trial Court Order, 4/18/2023. The trial court stayed the matter for 120 days to provide Khalil with an opportunity to find new counsel. *Id.* On May 17, 2023, Khalil filed a motion for reconsideration, which the trial court denied on June 2, 2023. On June 9, 2023, Khalil filed a notice of appeal. Although Khalil stated in her notice of appeal that she was appealing from the June 2, 2023 order denying her motion for reconsideration ("Reconsideration Order"), in her Pa.R.A.P. 1925(b) statement, she challenged the merits of the trial court's April 18, 2023 order granting the motion for leave to withdraw as counsel ("Withdrawal Order"). *See* Pa.R.A.P. 1925(b) Statement, 7/16/2023, ¶¶ 1-9.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that the Withdrawal Order did not prejudice Khalil as she had been pursuing the case on her own for over four years after Dilworth Attorneys informed her they would no longer be representing her. Trial Court Opinion, 8/9/2023, at 6-7. The trial court also noted that it had stayed the case for 120 days after entry of the Withdrawal Order to provide additional time for Khalil to find new counsel. *Id.* As for the timeliness of the appeal, the trial court briefly recounted intermediate court precedent holding that a notice of appeal filed within thirty days of the last in a series of interlocutory orders is timely. *Id.* at 4 n.3 (citing *Gerold v. Vehling*, 89 A.3d 767, 770 (Pa. Commw. 2014); *Cabot Oil and Gas Corp. v. Speer*, 241 A.3d 1191, 1198 (Pa. Super. 2020); *Woolard v. Burton*, 498 A.2d 445, 447 (Pa. Super. 1985)). Based on this precedent, the trial court concluded that Khalil's notice of appeal was timely because it was filed within thirty days of the Reconsideration Order. *Id.*

The Superior Court quashed the appeal after concluding that the notice of appeal was not timely. *Khalil v. Mary Jane Home Enrichment Ctr. Inc.*, 2002 EDA 2023, 2024 WL 4117331 (Pa. Super. Sept. 9, 2024) (non-precedential decision). The court first

observed that under the Rules of Appellate Procedure, an appeal may be taken from the following four types of orders: "(1) a final order or an order certified as a final order (*see* Pa.R.A.P. 341); (2) an interlocutory order as of right (*see* Pa.R.A.P. 311); (3) an interlocutory order by permission (*see* Pa.R.A.P. 312, 1311, 42 Pa.C.S.[ ] § 702(b)); or (4) a collateral order (*see* Pa.R.A.P. 313(b))." *Id.* at *1. Khalil argued that the Withdrawal Order was a collateral order, as defined by Pa.R.A.P. 313 ("Rule 313"), which provides:

> **(a) General Rule.** An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

The Superior Court did not analyze whether the Withdrawal Order was indeed a collateral order. Instead, the court focused solely on the threshold question of whether the appeal was timely, recognizing that the timeliness of an appeal presents a jurisdictional question. *Khalil*, 2024 WL 4117331, at *1 (citing *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007)). The court looked to Pa.R.A.P. 903(a), which provides:

> **(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within [thirty] days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). As Khalil filed her notice of appeal on June 9, 2023, fifty-two days after the entry of the Withdrawal Order on April 18, 2023, the Superior Court concluded that her appeal was untimely. *Khalil*, 2024 WL 4117331, at *2.

The Superior Court also rejected Khalil's argument that she could appeal from the Reconsideration Order entered on June 2, 2023. The court explained that because an order denying reconsideration is not appealable, *id.* (citing *Cheathem v. Temple Univ.*

*Hosp.*, 743 A.2d 518, 521 (Pa. Super. 1999)), and because filing a motion for reconsideration does not toll the thirty-day appeal period, *id.* (citing *Gardner v. Consol. Rail Corp.*, 100 A.3d 280, 283 (Pa. Super. 2014)), the Reconsideration Order had no effect on the time to appeal the Withdrawal Order. The court noted that if Khalil wished to file a motion for reconsideration of the Withdrawal Order, she "was required to simultaneously file a notice of appeal to preserve her appellate rights if the trial court failed to either deny or expressly grant her motion for reconsideration within thirty days." *Id.* (citing *Cheathem*, 743 A.2d at 521; Pa.R.A.P. 1701(b)(3)).[3]

---

[3] Rule of Appellate Procedure 1701(b)(3) provides:

> **(b) Authority of a trial court or other government unit after appeal.**—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
>       \*     \*     \*
>
> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
>
> > (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
> >
> > (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
>
> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been

(continued…)

In sum, the Superior Court concluded that because Khalil did not timely appeal from the Withdrawal Order, and because the Reconsideration Order was not appealable, it had no jurisdiction and quashed the appeal. *Id.*

Khalil filed a pro se petition for allowance of appeal in this Court, which we granted, in part, to review the following issues:

> 1) Whether [Khalil's] appeal of the last in a series of interlocutory collateral orders, including a reconsideration order, is timely?
>
> 2) Whether a collateral order must be appealed within [thirty] days?
>
> 3) Whether appeals from final orders are governed by different appellate rules than collateral orders, including an appeal of an order denying reconsideration of the original collateral order?

*Khalil v. Mary Jane Home Enrichment Ctr. Inc.*, 338 A.3d 1005 (Pa. 2025) (per curiam).

---

stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

Pa.R.A.P. 1701(b)(3).

## II. Parties' Arguments[4]

Khalil[5] initially argues that "before deciding the timeliness issue[,] the Court must independently decide if the [Withdrawal Order] is a collateral order for purposes of Rule 313." Khalil's Brief at 17. She maintains that the Withdrawal Order "is separable and distinct" from the merits, "the right to contest the loss of pro bono counsel without a successor is too important to be denied review, and an after the fact end of litigation challenge to [Dilworth Attorneys'] withdrawal is so illusory that it does not represent a meaningful remedy." *Id.* at 17-18.

As for the timeliness issues, Khalil suggests that "[w]here multiple interlocutory rulings address the same collateral issue, each order in the series potentially triggers a [thirty]-day time for appeal." *Id.* at 34. Khalil explains that although she "could have" appealed the Withdrawal Order within thirty days of its entry, she did not need to because the Reconsideration Order marked the point in time where "the collateral issue of [Dilworth Attorneys'] withdrawal was concluded and final[.]" *Id.* at 35. Upon entry of the Reconsideration Order, Khalil maintains that she "either could have appealed the collateral issue of [Dilworth Attorneys'] withdrawal within [thirty] days or have decided to wait to address the issue when the main litigation was finally decided." *Id.* However, the latter choice "was not an option" according to Khalil because of the prejudice she would suffer if forced to litigate the case without counsel. *Id.*

---

[4] Landlords submitted a statement to the Court expressing that they have no interest in the outcome of the issues raised by Khalil and requested that they be excused from participating in this appeal, which the Court granted. *Khalil v. Mary Jane Home Enrichment Ctr. Inc.*, 16 EAP 2025 (Pa. Oct. 27, 2025) (per curiam).

[5] At the Court's request, Dennis A. Whitaker, Esq. and Melissa A. Chapaska, Esq. of HMS Legal LLP volunteered to represent Khalil in this appeal on a pro bono basis pursuant to the Court's pro bono pilot program. *Khalil v. Mary Jane Home Enrichment Ctr. Inc.*, 16 EAP 2025 (Pa. June 17, 2025) (order). We commend Attorneys Whitaker and Chapaska for fulfilling this important role and ably representing Khalil in this matter.

In support of her position, Khalil relies on Superior Court precedent, mainly *Cabot Oil and Gas Corp. v. Speer*, 241 A.3d 1191 (Pa. Super. 2020), which based its decision on *In re Estate of Petro*, 694 A.2d 627 (Pa. Super. 1997) and *Jones v. Faust*, 852 A.2d 1201 (Pa. Super. 2004). Beginning with *Petro*, the Superior Court held that an appeal from a collateral order is timely so long as the notice of appeal is filed within thirty days from the "conclusion" of the collateral matter. *Petro*, 694 A.2d at 631. *Petro* involved the administration of an estate. Collateral to the main action involving the administration of the estate, the administrator filed a petition demanding that the decedent's daughters return assets to the estate. *Id.* at 629. The trial court denied the petition on September 9, 1994, and dismissed the administrator's exceptions on July 10, 1995. *Id.* at 630. On July 17, 1995, the administrator filed a motion for a new trial nunc pro tunc with respect to his petition demanding the return of assets to the estate. *Id.* This prompted the trial court to enter an order staying the entry of final judgment on the dismissal of the administrator's exceptions until evidence could be received regarding the motion for new trial. *Id.* The trial court entered an order denying the motion for a new trial on March 11, 1996, and judgment was entered against the administrator on March 29, 1996, solely with respect to the collateral petition demanding the return of assets to the estate. *Id.* The administrator filed a notice of appeal on April 4, 1996, within thirty days of judgment being entered on the collateral issue, but well beyond thirty days from the denial of the collateral petition. *Id.* at 632.

In analyzing the timeliness of the appeal, the *Petro* court first noted that the order denying the administrator's exceptions, entered on July 10, 1995, was a collateral order which "could have been appealed" within thirty days of its entry. *Id.* at 630 (citing Pa.R.A.P. 313, 903). The court highlighted that because Rule 313 states that "'[a]n appeal **may** be taken as of right from a collateral order[,]'" there was no basis to hold "that

a collateral order **must** be appealed within [thirty] days[.]" *Petro*, 694 A.2d at 631 (quoting

Pa.R.A.P. 313 (emphasis in *Petro*)).  The *Petro* court further reasoned:

> Although Rules 902 and 903 of the Pennsylvania Rules of
> Appellate Procedure state that an appeal permitted as of right
> from a lower court order shall be taken within [thirty] days after
> the entrance of the order in question, these rules do not
> preclude our review of the merits of the administrator's appeal.
> In the context of collateral orders, Rules 902 and 903 merely
> govern when the appeal must be taken if an appellant decides
> to exercise his right to file an immediate appeal.  These rules
> do not mandate that such an appeal must be taken at that time
> or the appellant's claims be forever lost.  The administrator did
> not immediately appeal the July 10, 1995, order, even though
> it was permissible for him to do so under Rule 313.  Thus,
> although this appeal was taken more than [thirty] days after
> July 10, 1995, that fact is not dispositive in this matter.

*Id.*

The *Petro* court also relied on Pa.R.A.P. 311(g)(1)(i) (rescinded), which provided

that the failure to immediately appeal an interlocutory order "shall not constitute a waiver

of the objection to the order and the objection may be raised on any subsequent appeal

in the matter from a determination on the merits."  Pa.R.A.P. 311(g)(1)(i) (rescinded).[6]

---

[6] The current version of Pa.R.A.P. 311(g)(1) provides:

> (1)  Except as provided in subdivision (g)(1), failure to file an
> appeal of an interlocutory order does not waive any objections
> to the interlocutory order:
>
> (i)  (Rescinded)
>
> (ii) Failure to file an appeal from an interlocutory order
> under subdivision (b)(1) or subdivision (c) of this rule shall
> constitute a waiver of all objections to jurisdiction over the
> person or over the property involved or to venue, etc., and
> the question of jurisdiction or venue shall not be
> considered on any subsequent appeal.

(continued…)

The court construed the statement in then-existing Rule 311(g)(1)(i) to permit an appeal beyond thirty days from the entry of the collateral order. Ultimately, the *Petro* court reasoned that because the collateral matter did not conclude until the trial court denied the motion for a new trial on March 11, 1996, the administrator timely filed his notice of appeal within thirty days, on April 4, 1996. *Petro*, 694 A.2d at 632.

Seven years following *Petro*, the Superior Court decided *Jones,* reiterating that "the timeliness of appeals from collateral orders depends not upon entry of the order itself, but upon resolution of the collateral matter." *Jones*, 852 A.2d at 1203 (citing *Petro*, 694 A.2d at 631). In *Jones*, the appellants appealed a series of discovery orders requiring them to produce medical records. The orders were entered on May 5, 2003, July 14, 2023, and July 28, 2023. *Id*. at 1202-03. Appellants filed their notice of appeal on August 1, 2023. Following the rationale of *Petro*, the *Jones* court reasoned that the appeal from the order entered on May 5, 2023 was timely because the notice of appeal was filed within thirty days from the July 28, 2023 order, the order which resolved the collateral matter. *Id*.

In *Cabot Oil*, the Superior Court again explained that "where a collateral matter is resolved through a series of interlocutory orders, a timely notice of appeal from the last such order will incorporate a prior order involving segments of the same collateral matter." *Cabot Oil*, 241 A.3d at 1198-99 (quoting *McGrogan v. First Commonwealth Bank*, 74 A.3d

---

(iii) Failure to file an appeal from an interlocutory order under subdivision (e) of this rule shall constitute a waiver of all objections to such an order.

(iv) Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and subdivision (a)(8) of this rule, shall constitute a waiver of all objections to such an order.

Pa.R.A.P. 311(g)(1).

1063, 1076 (Pa. Super. 2013)). The appellants in *Cabot Oil* appealed a discovery order compelling them to produce their tax returns and other financial documents. *Id.* at 1193. The trial court entered the discovery order on August 7, 2019, and the appellants filed a motion for reconsideration on August 15, 2019, which the trial court denied on October 31, 2019. *Id.* at 1194-95. On November 27, 2019, the appellants filed a notice of appeal. In analyzing whether the appeal was timely, the *Cabot Oil* court relied entirely on the rationale of *Petro* and *Jones* to conclude that the appellants timely filed their notice of appeal on November 27, 2019, within thirty days from the October 31, 2019 order denying the motion for reconsideration. *Id.* at 1199.

Khalil argues that we should follow the foregoing Superior Court precedent because it provides a "practical rather than [ ] technical construction" and "allows the litigation of collateral matters involving multiple orders to run its full course before one need consider filing an appeal." Khalil's Brief at 38. Khalil cautions that to hold otherwise would create a "procedural trap" where one "would lose appellate review altogether if they sought reconsideration and the appeal clock were deemed to run only from the earlier order." *Id.* at 41.

Lastly, Khalil argues that collateral orders are governed by Rule 313 whereas final orders are governed by Rule 341. *Id.* Khalil explains that a final order, unlike a collateral order, "terminates the case in its entirety" and therefore, "there is usually only one such order in a case." *Id.* at 41-42. As collateral orders "can generate a series of rulings[,]" Khalil argues that the Court should hold that the thirty-day appeal period "runs from each operative order in that series, not just the first." *Id.* at 42 (emphasis removed). Khalil maintains that this rule would "promote[] efficiency" and avoid "piecemeal litigation." *Id.* at 43.

### III. Analysis

The issues before the Court all relate to whether an appeal is timely, which is a question of law. *Day v. Civ. Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 650 (Pa. 2007). Thus, our scope of review is plenary and our standard of review is de novo. *Id.*

Appellate jurisdiction is created by statute, and the general rule in Pennsylvania is that only appeals from final orders are permitted. 42 Pa.C.S. § 5105(a)(1) ("There is a right to appeal under this subsection from the final order … of every … Court or magisterial district judge of this Commonwealth to the court having jurisdiction of such appeals."). A final order "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). However, the General Assembly has also granted the right to appeal from certain interlocutory orders. 42 Pa.C.S. § 5105(c) ("There shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law. The governing authority shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b)."). Pursuant to this statutory authorization, our Rules of Appellate Procedure outline certain interlocutory orders which may be appealed as of right. *See* Pa.R.A.P. 311(a)-(f). Relevant here, Rule 311(a)(8) broadly provides that an appeal may be taken as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8).

Rule 313 is one such general rule as it establishes that "[a]n appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). A collateral order is defined as "[(1)] an order separable from and collateral to the main cause of action[, (2)] where the right involved is too important to be denied review[,]

and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). A collateral order is thus a specific type of interlocutory order appealable by right, as contemplated by Pa.R.A.P. 311(a)(8).[7] An appellant appealing from a purported collateral order has the burden "to establish an exception to the final order rule by showing that each prong of the collateral doctrine is clearly present." *Shearer v. Hafer*, 177 A.3d 850, 860 n.8 (Pa. 2018). When an appellant cannot satisfy the elements of Rule 313(b), the appellate court is without jurisdiction to address the merits of the appeal. *Id.* at 857.

Chapter 9 of our Rules of Appellate Procedure ("Chapter 9") governs the procedure of "all appeals from a trial court to an appellate court[.]"[8] Pa.R.A.P. 901. Rule 902(a) relevantly provides that "[a]n appeal permitted by law as of right from a trial court to an appellate court shall be taken by filing a notice of appeal with the clerk of the trial court **within the time allowed by Pa.R.A.P. 903** (time for appeal)." Pa.R.A.P. 902(a) (emphasis added). Rule 902(b)(2) further provides that "[t]he failure to file a notice of appeal within the time allowed by Pa.R.A.P. 903 (time for appeal) renders an appeal invalid." Pa.R.A.P. 902(b)(2). The commentary to Rule 902 specifies that failing to file a timely notice of appeal "implicates the jurisdiction of the appellate court and requires quashal of the appeal." Pa.R.A.P. 902 cmt. (citing 42 Pa.C.S. § 704; *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014)). Rule 903 in turn provides that, "[e]xcept as

---

[7] The commentary to Pa.R.A.P. 311 makes clear that "[t]he appeal rights under this rule and under Pa.R.A.P. 312, Pa.R.A.P. 313, Pa.R.A.P. 341, and Pa.R.A.P. 342 are cumulative and no inference shall be drawn from the fact that two or more rules may be applicable to an appeal from a given order." Pa.R.A.P. 311 cmt.

[8] Rule 901 specifies four exceptions to this rule, none of which are implicated in this case: "(1) An appeal by allowance taken under 42 Pa.C.S. § 724 … (2) An appeal by permission taken pursuant to Pa.R.A.P. 1311 … (3) An appeal taken by petition for specialized review pursuant to Chapter 16 … (4) Automatic review of sentences pursuant to 42 Pa.C.S. § 9711(h)[.]" Pa.R.A.P. 901.

otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) **shall be filed within [thirty] days** after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added).

As Rule 313 grants an appeal "as of right" from a collateral order, an appeal from such order "shall be taken" as prescribed by Rule 902(a), and thus "within the time allowed by Pa.R.A.P. 903[.]" Pa.R.A.P. 902(a). Accordingly, we answer the second question presented, "[w]hether a collateral order must be appealed within [thirty] days?" in the affirmative. *Khalil*, 338 A.3d 1005. We hold that if a party decides to exercise its right to appeal from a collateral order, the notice of appeal must be filed within thirty days after entry of the collateral order. Otherwise, the party must await the entry of a final order to appeal the issue should it survive final judgment. *See* infra pp. 17-18 & note 10. The foregoing analysis also resolves the third question presented, which asks "[w]hether appeals from final orders are governed by different appellate rules than collateral orders, including an appeal of an order denying reconsideration of the original collateral order?" *Id.* Because the thirty-day appeal period set forth in Rule 903 applies uniformly to "appeal[s] permitted by law as of right from a trial court to an appellate court[,]" Pa.R.A.P. 902(a), and because both collateral orders and final orders are appealable as of right, appeals from both types of orders are governed by Rule 903(a).

Despite there being a clear thirty-day period to appeal from collateral orders, the question remains, as posed in this case, whether a subsequent order denying reconsideration of the collateral order has any effect on the appeal period. We have long held that there is no right to appeal from an order denying reconsideration of a final order. *In re Merrick's Est.*, 247 A.2d 786, 787 (Pa. 1968) ("The refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal."). An order denying reconsideration is not a final order and it is not an interlocutory order that is

appealable as of right. There simply is no basis to appeal from an order denying reconsideration, regardless of whether the underlying order is appealable.

Even if a party files a motion for reconsideration within thirty days of entry of an appealable order, this neither tolls nor restarts the appeal period. *Id.* at 788. Only in the limited scenario where a trial court enters an order **granting** reconsideration within thirty days of entry of an appealable order is the thirty-day appeal period affected. *See* supra note 3 (quoting Pa.R.A.P. 1701(b)(3), which permits a trial court to grant reconsideration after a notice of appeal is filed so long as the order granting reconsideration is filed within the applicable appeal period). Where a trial court timely grants reconsideration pursuant to Rule 1701(b)(3), it "shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order." Pa.R.A.P. 1701(b)(3). However, neither the filing of a motion for reconsideration of a collateral order, nor a court's denial of said motion, as occurred here, has any bearing on the timeliness of an appeal challenging the underlying collateral order.

Nevertheless, Khalil argues that an appeal from a collateral order is timely so long as the notice of appeal is filed within thirty days from the entry of the last order in a series of interlocutory orders, as held by the Superior Court in numerous cases. Khalil's Brief at 36; *see also Cabot Oil*, 241 A.3d at 1198; *Petro*, 694 A.2d at 631; *Jones*, 852 A.2d at 1203. Of course, we are not bound by decisions of the Superior Court. *Commonwealth v. Kingston*, 143 A.3d 917, 923 (Pa. 2016) (citing *Commonwealth v. Cook*, 735 A.2d 673, 679 n.8 (Pa. 1999)). In any event, we find that the rationale underlying these decisions is not consistent with our Rules of Appellate Procedure and we disapprove of these cases and their progeny.

Starting with *Petro*, the Superior Court erred by construing the language in Rule 313(a) that "an appeal **may** be taken as of right from a collateral order" to excuse a party

from complying with the thirty-day appeal deadline. *Petro*, 694 A.2d at 631 (quoting Pa.R.A.P. 313) (emphasis in *Petro*). The *Petro* court, while expressly acknowledging that Rules 902 and 903 "state that an appeal permitted as of right from a lower court order shall be taken within [thirty] days after the entrance of that order in question[,]" maintained that "[t]hese rules do not mandate that such an appeal must be taken at that time or the appellant's claims be forever lost." *Petro*, 694 A.2d at 631. In reaching this conclusion, the *Petro* court also relied on the fact that pursuant to Pa.R.A.P. 311(g)(1)(i) (rescinded), the failure to appeal from a collateral order does not constitute a waiver of the objection and that the objection may be raised on appeal after a determination on the merits.[9] *Id.* (citing Pa.R.A.P. 311(g)(1)(i) (rescinded)).

The Superior Court in *Petro*, and its progeny, failed to apply the bright line rule governing the time to appeal from collateral orders. Although the right to appeal a collateral order is permissive, *see* Pa.R.A.P. 313(a), if a party exercises said right, the manner of taking the appeal, including the time for filing the notice of appeal, is mandatory. *See* Pa.R.A.P. 902(a), 903(a) ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) **shall** be filed within [thirty] days after the entry of the order from which the appeal is taken.") (emphasis added).

Moreover, the *Petro* court's reliance on then-existing Rule 311(g)(1)(i) and its non-waiver provision does not support its holding. Even though the current iteration of Rule 311(g)(1) similarly provides that a party does not waive an objection to an appealable interlocutory order if the party fails to appeal from the order within thirty days, this does not grant a party license to file a notice of appeal at any time while the case is pending in the lower court. If it did, then the thirty-day appeal period would be meaningless. Rule

---

[9]  *See* supra pp. 10-11 & note 6 (discussing *Petro* court's analysis and providing comparison of Pa.R.A.P. 311(g)(1)(i) (rescinded) and the current version of Pa.R.A.P. 311(g)(1)).

311(g)(1) recognizes that because an aggrieved party is entitled, but not required, to immediately appeal from certain interlocutory orders, that party should not lose the right to challenge the merits of the interlocutory order when appealing from a final order. *See Hammons v. Ethicon, Inc.*, 240 A.3d 537, 563 (Pa. 2020) (Donohue, J., concurring) (observing that the failure to immediately appeal from an interlocutory order that is appealable as of right generally does not foreclose the opportunity to appeal the issue after entry of a final order); *Delaware Valley Landscape Stone, Inc. v. RRQ, LLC*, 319 A.3d 551, 559 (Pa. Super. 2024) (holding that failing to take an appeal from an interlocutory order denying a petition to strike and/or open a default judgment, which is appealable as of right pursuant to Rule 311(a)(1), does not waive a challenge to the interlocutory order raised on timely appeal from a final order).[10]

---

[10] Notably, however, failing to file an appeal from certain interlocutory orders will result in waiver. *See* supra note 6 (citing Rule 311(g)(1)(ii)-(iv) which provides that the failure to file an appeal from the interlocutory orders specified in those subsections shall constitute a waiver of all objections to such orders); Pa.R.A.P. 342(c) (explaining that failing to file an appeal from certain interlocutory orphans' court orders described in Rule 342(a)(1)-(7) shall constitute a waiver of all objections to such orders); *see also In re Barnes Found.*, 871 A.2d 792 (Pa. 2005) (holding that "a common pleas court's order denying intervention is one type of order which must be appealed within thirty days of its entry under Rule of Appellate Procedure 903, or not at all, precisely because the failure to attain intervenor status forecloses a later appeal"); *accord Shirley v. Pa. Legis. Reference Bureau*, 318 A.3d 832, 848 (Pa. 2024); *K.C. v. L.A.*, 128 A.3d 774, 780 (Pa. 2015).

As for collateral orders specifically, because a collateral order is an "order that is made … appealable by … general rule [(Rule 313)]," Pa.R.A.P. 311(a)(8), collateral orders are subject to Rule 311(g)(1)'s non-waiver provision. *See* supra p. 13. Thus, a party does not waive the right to challenge a collateral order if the party waits to file a notice of appeal until after a final order is entered. However, this observation is mostly academic because if an order is truly collateral, "the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). As such, although a collateral issue will generally not be deemed waived if not immediately appealed, *see* Pa.R.A.P. 311(g)(1), an appeal raising a collateral issue after entry of a final order would likely be moot, which would render any waiver analysis irrelevant.

Sanctioning the practice created by *Petro* would also disrupt the orderly flow of litigation which the thirty-day appeal period helps facilitate. When a court rules on an issue, parties form their litigation strategy around that ruling and make tactical decisions with the understanding that the ruling governs the case. If a collateral issue could be appealed months or even years after it was decided, it could lead to wastefulness, inefficiency, and gamesmanship.

Given the foregoing analysis, Khalil's notice of appeal—filed fifty-two days after the Withdrawal Order was entered—was untimely. Accordingly, the Superior Court was without jurisdiction to hear the appeal. *See* Pa.R.A.P. 902(b) ("The failure to file a notice of appeal within the time allowed by Pa.R.A.P. 903 (time for appeal) renders an appeal invalid."); *Williams*, 106 A.3d at 587 (explaining that the failure to timely appeal divests the appellate court of jurisdiction to decide the appeal). Therefore, the Superior Court appropriately quashed the appeal pursuant to Rule 903 without deciding whether the Withdrawal Order was a collateral order.[11]

---

[11] The issues presented in this appeal presuppose that the Withdrawal Order was a collateral order. For the sake of clarity, we note that under established case law, the Withdrawal Order was not a collateral order. An appellant seeking collateral review must demonstrate that each of the three elements set forth in Rule 313(b) are "clearly present[.]" *Shearer*, 177 A.3d at 861. As to the third element, Khalil cannot show that "the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). We have held that an order removing a criminal defendant's counsel is not a collateral order that is immediately appealable. *Commonwealth v. Johnson*, 705 A.2d 830, 834 (Pa. 1998) (reasoning that a criminal defendant's right to counsel is not lost if the interlocutory order removing counsel is not immediately appealed because the defendant may establish in post-conviction proceedings that removal was in error, which would lead to a new trial); *see also Vaccone v. Syken*, 899 A.2d 1103, 1108 (Pa. 2006) (holding that an order disqualifying counsel in a civil case is not a collateral order because, inter alia, the aggrieved party may appeal the issue after entry of a final order and be entitled to a new trial if successful on appeal). The holdings in *Johnson* and *Vaccone* apply to the Withdrawal Order. In the event Khalil wishes to challenge the Withdrawal Order after a final order is entered, she would have the opportunity to file a notice of appeal raising the issue with the Superior Court.

**IV. Conclusion**

For the reasons stated, we hold that when a party wishes to appeal from a collateral order, the party must file a notice of appeal within thirty days from the entry of the collateral order or await the entry of a final order to appeal the issue should it survive final judgment. *See* Pa.R.A.P. 903(a). Neither the party's filing of a motion for reconsideration of the collateral order, nor an order denying reconsideration extends or otherwise affects this thirty-day appeal period. We affirm the judgment of the Superior Court.

Chief Justice Todd and Justices Dougherty, Wecht, Mundy, Brobson and McCaffery join the opinion.